UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADAM J. PRUDHOMME,

    Plaintiff,

v.                                      Case No. 3:24cv90-TKW-HTC

MICHLES & BOOTH PA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Adam J. Prudhomme, proceeding *pro se*, has filed a complaint relating to the representation he received from Defendant Michles & Booth PA, during a class action lawsuit arising from the 2014 explosion at the Escambia County Jail. Doc. 1. After reviewing the complaint, the undersigned finds this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

I.    **Background**

Plaintiff's complaint names five (5) Defendants: (1) Michles & Booth PA; (2) Marcus Michles; (3) Rainey Booth; (4) Adrian Bridges; and (5) Escambia County, Florida. Doc. 1. Plaintiff alleges he hired Michles & Booth to represent him after an explosion at the Escambia County Jail, where Plaintiff was an inmate. He claims Michles & Booth misclassified his injuries under the settlement agreement reached in the class action lawsuit related to the explosion, causing him to receive a smaller

settlement than was warranted. In 2018, Plaintiff filed a legal malpractice claim against Michles & Booth; the claim was decided adversely to Plaintiff, as the presiding judge issued an order informing him that he owed Michles & Booth $10,050 in attorney's fees. Also, Plaintiff pleaded no contest to stalking Michles & Booth and its employees in 2020. *See State v. Prudhomme*, Escambia County Case No. 2019 CF 5389.

Among Plaintiff's numerous vague, conclusory, and conspiratorial allegations, he claims Defendants committed: (1) legal malpractice; (2) negligence; and (3) breach of contract. Doc. 1 at 5. Plaintiff's complaint also claims that Defendants conspired with several state judges and state attorneys to make false allegations against Plaintiff on several occasions. *Id*. at 6–11.

## II. Discussion

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts must have one of three types of subject-matter jurisdiction: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted). It is Plaintiff's burden to establish this Court's jurisdiction, and he has not met that burden here. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

First, Plaintiff's complaint does not allege the Defendants violated any provision of federal law. Although the complaint contains vague references to federal officials abusing their power, none of the Defendants are federal actors. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To state a claim, a plaintiff must plead factual content which allows a court to draw the reasonable inference the defendant is liable for the misconduct alleged.). Also, Plaintiff's claims against the Defendants for legal malpractice, negligence, and breach of contract are state law claims and do not constitute a federal cause of action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505-06 (11th Cir. 1996) (holding federal jurisdiction was lacking because Plaintiff's state-law claims of legal malpractice, negligence, and breach of contract presented no substantial federal question).

Second, Plaintiff's complaint fails to establish the Court has diversity jurisdiction. Diversity jurisdiction requires complete diversity—every plaintiff must be diverse from every defendant. *Beavers v. A. O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008). Plaintiff states in the complaint his current address is in Florida, which indicates he is a citizen of Florida. Doc. 1. Although Plaintiff

does not identify the citizenship of each of the Defendants, Plaintiff names Escambia County, Florida, as a Defendant.  Also, in the exhibits attached to the complaint, Plaintiff identifies Michles & Booth as a "Florida Profit Corporation," and provides a Florida address as the law firm's principal address.  Doc. 1-1 at 9.  Thus, complete diversity does not exist between the parties.  Furthermore, nowhere in the complaint does Plaintiff suggest the amount in controversy exceeds $75,000.  *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) ("To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.") (citing 28 U.S.C. § 1332(a)).

Because Plaintiff has not established this Court has jurisdiction over this matter, the case should be dismissed without prejudice.[1]

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. That Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, be DENIED AS MOOT.

3. That the clerk close the file.

---

[1] To the extent Plaintiff wants the Court to review and reject the state court's judgments in either the class action or his malpractice case, the Court lacks jurisdiction to do so under the *Rooker-Feldman* doctrine.  *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018) ("The Rooker-Feldman doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court.").

Done this 6th day of March, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.